# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50114 | **DATE** | 9/27/2004 |
| **CASE TITLE** | Rebecca Taylor, et al. vs. Tishken Products Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Tishken Products Co.'s motion for summary judgment on cross-claim.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant Tishken Products Co.'s motion for summary judgment on cross-claim [31] is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 9-29-04 date docketed | 57 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 9-28-04 date mailed notice | |
| slb | courtroom deputy's initials | 2004 SEP 28 PM 2:56 Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs Rebecca Taylor and Donald Behrens, co-administrators of the estate of Randy Behrens, filed a complaint alleging wrongful death and survival claims against defendants Tishken Products Co.(Tishken) and Coe Press Equipment Corporation (Coe). In its answer to the complaint, Tishken included a two-count cross-claim (subsequently amended) seeking indemnity pursuant to contract (Count I) and pursuant to common law (Count II) from Coe should Tishken be found liable to plaintiffs. See Fed R. Civ. Proc. 13(g). Tishken has moved for summary judgment on both counts of its amended cross-claim. Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1391(a)(2).

Tishken and Coe agree that Michigan law is applicable to both counts of the cross-claim for indemnity, so Michigan law will be utilized in determining whether Tishken is entitled to summary judgment on those claims.

The indemnity clause of the contract between Tishken and Coe provides:

Vender [Coe] agrees to defend, indemnify and hold Tishken harmless from and against any and all claims made against or damages or losses sustained by Tishken, caused, in whole or in part, by (i) Vender's breach of any of its obligations under this agreement and (ii) Vender's actions or inactions in connection with the agreement, including, without limitations, any actions or inactions while on the premises of Tishken, such as the release of any substance on or about said premise.

Coe argues that a personal injury claim such as that brought by the estate of Randy Behrens is not included among the claims for which Coe agreed to indemnify Tishken. However, a Michigan statute provides that: "Unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale," and "Goods to be merchantable must be at least such as . . . are fit for the ordinary purposes for which such goods are used." Mich. Comp. Laws § 440.2314. Thus, the contract between Coe and Tishken included an implied warranty of merchantability, and the fitness of the storage rack in which plaintiffs' decedent's fatal accident occurred for its ordinary purposes is in question in this litigation. However, it cannot be said as a matter of law that plaintiffs can only prevail against Tishken if the rack was unfit for its ordinary purposes. For example, the trier of fact might conclude that the storage rack was fit for the purposes for which it was designed but was defective and unreasonably dangerous for lack of adequate warnings about its safe use, and might conclude that this was not sufficient to establish a violation of the implied warranty of merchantability. In other words, it cannot be said that there is no genuine issue of material fact as to Coe's liability to Tishken under the contractual indemnity clause in the event that plaintiffs should prevail against Tishken. Accordingly, Tishken is not entitled to summary judgment on Count I of the amended cross-claim.

Tishken's common law indemnity claim (Count II) is premised on the same Michigan statute implying a warranty of merchantability. See Mich. Comp. Laws § 440.2314. Thus, for the same reason Tishken is not entitled to summary judgment on Count I of the amended cross-claim, it is not entitled to summary judgment on Count II.

Accordingly, defendant Tishken's motion for summary judgment on Counts I and II of its amended cross-claim is denied.